# FALL SESSIONS, 1899.

---

### STATE vs. ALFRED SPENCER.

*Criminal Law—Indictment—Larceny—Description of the Property —Evidence—Charging Upon Facts—Reasonable Doubt.*

1. An indictment for larceny which contained the following language in relation to the value of the property—"of the $5.00 lawful money of the United States," *held* not to be defective because the words "value of" were omitted.

2. Such an indictment describing the property alleged to have been stolen as a "mileage book on the Philadelphia, Wilmington and Baltimore Railroad Company," without any averment that the book was stamped, *held* sufficient.

3. The Court cannot charge the jury "that there is no evidence at all before them connecting the defendant with the larceny," because they are not permitted to charge upon the facts.

(*September 23, 1899.*)

LORE, C. J., and BOYCE, J., sitting.

*Peter L. Cooper, Jr.,* Deputy Attorney-General, for the State.

*Robert H. Richards* and *David J. Reinhardt* for the prisoner.

Court of General Sessions, New Castle County, September Term, 1899.

INDICTMENT FOR LARCENY (No. 43, September Term, 1899).

The indictment charged, "That Alfred Spencer, late of Wilmington Hundred, in the County aforesaid, on the thirteenth day of May, in the year of our Lord one thousand eight hundred and ninety-nine, with force and arms at Wilmington Hundred, in the

County aforesaid, one mileage book on the Philadelphia, Wilmington and Baltimore Railroad Company of the five dollars lawful money of the United States of America, one pair of men's shoes of the value of two dollars like lawful money as aforesaid and one man's hat of the value of one dollar like lawful money as aforesaid, of the goods and chattels of John V. Boyer then and there being found, then and there feloniously did steal, take and carry away," etc.

Counsel for the prisoner moved to quash the indictment, first on the ground that the omission of the words "value of" relating to the part of the indictment charging the larceny of the mileage book, being matter of substance, and there being but one count in the indictment, rendered the whole indictment defective.

LORE, C. J.:—We do not think this fatal as to the rest of the count, and we think it would be sufficient even as to that specific item, it says "of the $5.00 lawful money of the United States." It must be the subject matter of larceny and of some value. So that we think the connection there is sufficient even in that respect.

*Mr. Richards:*—We further object to the indictment and move that it be quashed on the grounds, *first,* that it does not sufficiently show that the mileage book is the subject of larceny. It is a railroad ticket, and the indictment does not aver that it was stamped, and unless stamped it is not the subject of larceny under the decisions of this State. *Second,* the description of the book is insufficient.

*State vs. Hall, 1 Houst., 420; State vs. Halman, 34 Pac. Reporter, 283; McCarty vs. State, 37 Pac. Reporter, 299; Clark's Criminal Procedure, 216.*

LORE, C. J.:—We think this indictment is sufficient. The uniform rule in this State has been that an indictment must set out the property with sufficient certainty to identify it and to protect

the defendant from being prosecuted again. This indictment sets out specifically that it is a mileage book on the P., W. & B. R. the property of this prosecuting witness. The prisoner is certainly apprised of what he is to meet and could not be convicted the second time for the larceny of that book. The case of *State vs. Hall, 1 Houst., 420,* was a railroad ticket which had never been issued or used. This is a ticket issued by the railroad, paid for and partly used by the owner.

The Court charged the jury upon the points raised by the respective counsel as follows:

LORE, C. J.:—Gentlemen of the jury: Alfred Spencer is indicted for larceny. We are asked to charge you only upon two points. The first is that you should bring in a verdict of not guilty for the reason that the railroad ticket is not proved to be stamped, and for that reason it is not a subject of larceny. We cannot so charge you.

We are again asked to charge you that there is no evidence at all before you connecting the defendant with the larceny of the coat, boots, hat and other property.

We are not permitted to charge you upon the facts. So far as the evidence delivered in this case is concerned, you are the exclusive judges of it. Under the circumstances attending this case, it is for you to say whether there has been any testimony given of such character as to connect this prisoner with the prosecuting witness so as to show that when he was last consciously in the company of the prisoner that those articles were in his possession and when he recovered himself they were not. From all the circumstances of the case you are to judge as to what was the testimony and the effect of it with respect to those articles. The testimony is all before you, and from that you are to say whether the prisoner is guilty of larceny or not guilty.

If you have any reasonable doubt upon any of the material points of this case; that is, whether the prisoner committed this

larceny, whether he is the person who took those goods, if they were taken at all—it should inure to the benefit of the defendant.

Verdict, guilty.

